11 So.3d 60 (2009)
STATE of Louisiana In the Interest of W.B.
No. 2008-CA-1458.
Court of Appeal of Louisiana, Fourth Circuit.
April 22, 2009.
*61 Hector A. Linares, Juvenile Regional Services, New Orleans, LA, for Appellant, W.B.
Leon A. Cannizzaro, Jr., District Attorney, Alyson Graugnard, Assistant District Attorney, New Orleans, LA, for State of Louisiana.
(Court composed of Judge JAMES F. McKAY, III, Judge DENNIS R. BAGNERIS, SR., Judge ROLAND L. BELSOME).
ROLAND L. BELSOME, Judge.
In juvenile court, W.B. was found guilty of La. R.S. 14:81, relative to indecent behavior with a juvenile and La. R.S. 14:62.2, relative to simple burglary of an inhabited dwelling. W.B. filed a motion to vacate adjudication which was denied. W.B. appeals his adjudication based on the insufficiency of the evidence.
W.B.'s sole assignment of error on appeal is that the State failed to meet its burden of proof at trial to sustain an adjudication as to the charges. The State's burden of proof in a juvenile delinquency proceeding, just as in a criminal proceeding against an adult, is to prove every element of the offense alleged beyond a reasonable doubt. La. Ch.C. art. 883. As a court of review, we grant great deference to the juvenile court's actual finding, credibility determination and assessment of witness testimony. State in the Interest of J.N., XXXX-XXXX, p. 8 (La.App. 4 Cir.), 984 So.2d 910 at 915.
At the proceeding of this matter, the juvenile court judge heard the testimony of Officer Patrick Hartman, Joyce Nash and her daughter, Marneisha Nash. The facts elicited at trial was that on May 12, 2008, between approximately 3:00 and 4:00 p.m., W.B. appeared at Marneisha's bedroom window asking for Marneisha's sixteen year old sister, who also shared the bedroom. Marneisha, thirteen at the time, informed W.B. that her sister was not home. She heard her mother, Joyce Nash, calling her and exited the room. She further claimed that at no time did she invite W.B. inside. According to her testimony she helped her mother and then *62 returned to her bedroom where she saw W.B. sitting on the sofa in the bedroom with "nothing" on.
Shortly, thereafter her mother approached and also witnessed W.B. sitting on the sofa. Ms. Nash stated that she walked over to Marneisha because she was just standing and staring in her bedroom, that's when she claims she saw W.B. "sitting on my couch with a sheet on and his underwear was on the floor and he didn't have no shirt on." At that point, the mother said she demanded that he leave her house, but he did not move until she got her cell phone to call the police. Ms. Nash testified that prior to that day she had told W.B. that she did not want him knocking at the door or window of her house looking for her daughter. W.B. was arrested the next day.
In State v. Brown, XXXX-XXXX (La.4/12/05), 907 So.2d 1, the Louisiana Supreme Court reiterated the standard for determining a claim of insufficiency of evidence. The appellate courts must follow the standard set forth in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Id. Thus, this Court must view the evidence in the light most favorable to the prosecution, and determine if it was sufficient to convince a rational trier of fact that all of the elements of the crime were proven beyond a reasonable doubt. Id.
La. R.S. 14:81 states in pertinent part:
The commission of any of the following acts with the intention of arousing or gratifying the sexual desires of either person: (1) any lewd or lascivious act upon the person or in the presence of any child under the age of seventeen, where there is an age difference of greater than two years between the two persons. La.R.S. 14:81(A) (West 2008).
The juvenile court judge found that W.B.'s disrobing in Marneisha's bedroom and waiting for her to return to the room rose to the level of a lewd[1] or lascivious[2] act in the presence of a child whose age was established to be in excess of two years younger than that of W.B.'s.[3] Based on the fact that no evidence was presented to refute the testimony given at trial, we cannot find that the juvenile court judge was clearly wrong in his finding that W.B. was guilty of indecent behavior with a juvenile.
As for the charge of simple burglary of an inhabited dwelling, La. R.S. 14:62.2 states:
The unauthorized entry of any inhabited dwelling, house, apartment or other structure used in whole or in part as a home or place of abode by a person or persons with the intent to commit a felony or any theft therein, other than as set forth in Article 60.
On appeal W.B. argues that because there was insufficient evidence of the indecent behavior with a juvenile, the underlying felony does not exist to support the charge of simple burglary of an inhabited dwelling. However, this Court's affirmation of the juvenile court judge's determination of guilt as to the indecent behavior charge causes that argument to fail. Additionally, the uncontested testimony provided by Ms. Nash and Marneisha confirmed that *63 W.B.'s entrance into the bedroom was unauthorized.
Accordingly, the juvenile court's adjudication is hereby affirmed.
AFFIRMED.
NOTES
[1] Lewd is defined as obscene or indecent; tending to moral impurity or wantonness. Black's Law Dictionary 927 (8th ed.2004)
[2] Lascivious is defined as tending top excite lust; lewd; indecent; obscene. Black's Law Dictionary 897 (8th ed.2004).
[3] The record establishes that W.B.'s birth date is July 30, 1992 and Marneisha's birth date is September 22, 1994.